IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANDREW LARONN MENEFEE,

        Plaintiff,

    v.

WASHINGTON COUNTY JAIL (AND)
ALL EMPLOYEE'S & SUBCONTRACTORS,

        Defendants.

Case No. 3:20-cv-01499-AC

ORDER TO DISMISS

MOSMAN, Judge.

    Plaintiff, an adult in currently in custody at the Coffee Creek Correctional Facility[1], brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses plaintiff's Complaint.

---

[1] At the time he filed this action, plaintiff was in custody at the Washington County Jail.

1 - ORDER TO DISMISS

## BACKGROUND

In the caption of his Complaint, plaintiff names as defendants "Washington County Jail (and) All Employee's & Sub-Contractors." At page two of the Complaint, however, plaintiff identifies the defendants as Lieutenant Stimler, Sgt. Munson, Deputy Rouge, and T. Martichuski.

Plaintiff alleges defendants discriminated against him based on his race and denied him his right to religious freedom. In his first claim, plaintiff alleges he has been a "target for deputies to exercise their authority (so-called)" by conducting eight cell searches in a month and by holding plaintiff for 37 hours after a judge allegedly ordered plaintiff's release. In his second claim, plaintiff alleges he has been denied access to religious practices. Plaintiff does not allege which defendants participated in the alleged denial of access to religious practices. By way of remedy, plaintiff seeks money damages.

Plaintiff has also filed two motions for preliminary injunction. In the first motion, plaintiff contends his current custody violates his constitutional rights. By way of remedy, he seeks "injunctive relief to stop the irrepearable [sic] harm & force slavery taking place in this facility." In the second motion, plaintiff specifically seeks immediate release from custody. Plaintiff has also filed a Motion for Appointment of Counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the

2 - ORDER TO DISMISS

plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.     Procedural Deficiencies

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." As noted, the defendants identified in the caption of plaintiff's Complaint differ from those identified at page two. Should plaintiff file an Amended Complaint curing the substantive deficiencies noted below, the Court advises plaintiff to clearly identify all intended defendants in the caption thereof.

### II.    Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" *Id*. (citation omitted).

In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor*, 880 F.2d at 1045. Here, plaintiff's denial of religious freedom claim fails to allege facts giving rise to a reasonable inference that any of the named defendants were personally involved in the alleged violation of his rights; plaintiff does not allege who was personally involved in the decision to deny him access to religious services. Accordingly, plaintiff fails to state a claim for denial of his First Amendment rights upon which relief may be granted under § 1983.

Under the Equal Protection Clause, "the State must govern impartially." *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir .1991). The state's laws and rules must be applied evenhandedly to all persons within the jurisdiction. *Id*. (citing *Jones v. Helms*, 452 U.S. 412, 423 (1981)). The laws and rules must also be evenhanded as actually applied to specific individuals. *Id*. at 834-35. Ultimately, the Equal Protection Clause "'guarantees equal laws, not equal results.'" *Id*. at 835 (quoting *Personnel Adm'r v. Feeney*, 442 U.S. 256, 273 (1979)). A plaintiff who alleges denial of equal protection bears the burden of establishing a prima facie case of invidious discrimination. *See United States v. Estrada-Plata*, 57 F.3d 757, 760 (9th Cir.1995).

In the present case, plaintiff's conclusory allegation of an equal protection violation lacks factual support. Plaintiff has not alleged facts showing that the defendants conducted the cell searches or took other actions in an arbitrary or invidiously discriminatory manner. *See McQueary*, 924 F.2d at 834-35; *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir.1990). The conclusory

allegations of discrimination without specific allegations of discriminatory intent are not sufficient to state a claim upon which relief may be granted under § 1983.

### III.   Motions for Preliminary Injunction

The Court DENIES plaintiff's Motions for Preliminary Injunction as plaintiff has not established a likelihood of success on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff cannot obtain a temporary restraining order or injunction to compel his release from custody. A writ of habeas is the exclusive remedy for a prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a petition for writ of habeas corpus is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction in a civil rights action is inappropriate.

### IV.   Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). While the Court may request volunteer

counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this action, plaintiff has demonstrated sufficient ability to articulate his claims. As noted, this case involves allegations of discrimination and the denial of religious freedom; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

/ / /

/ / /

/ / /

The court DENIES plaintiff's Emergency Ex Parte Motion for Injunctive Relief (ECF No. 5) , Motion for Injunctive Relief (ECF No. 6), and Motion for Appointment of Counsel (ECF No. 7).

IT IS SO ORDERED.

DATED this  6th  day of November, 2020.

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

7 - ORDER TO DISMISS